### SALVAGGIO et ux. v. ZETO et al.

No. 3560.

Court of Civil Appeals of Texas. Beaumont.

Nov. 23, 1939.

David L. Broadus, of Beaumont, for appellants.

E. L. Reid and A. J. Schnitzel, both of Orange, for appellees.

O'QUINN, Justice.

We gather from the record that in 1920 Frank Zeto, Sr., and Rosa Lee Zeto, his wife, resided in Orange County, Texas, and had accumulated considerable real estate upon which there were some seven houses, some for business purposes and some for residences. They had six children, Charles, Mike, Josephene Zeto Blanda, Jennie Zeto Russia, Frances Zeto Salvaggio and Nick. All were of age. In that year, 1920, Mrs. Rosa Lee Zeto died intestate. The property was all community property. No administration was had upon her half of the estate, and it passed to her children above named. Frank Zeto, Sr., continued in possession and management of the property. On June 26, 1930, Frank Zeto, Sr., joined by all of his said children, borrowed $3,500 from V. T. Effenberger of Port Arthur, Texas, for which they executed their joint and several note payable to the order of said Effenberger in monthly installments of $70 a month, and at the same time executed a deed of trust covering a portion of the real estate involved in this suit and being 134 feet off of the south end of lots 4, 5 and 6 in block 92 of the Amended Sheldon Survey of the City of Orange, Texas, the same land conveyed to said Frank Zeto, Sr., by A. B. Calhoun by deed duly recorded February 24, 1922, to secure the payment of said note. The note bore interest at the rate of 8% per annum. Frank Zeto died on October 5, 1935, intestate, in Orange County. At the time of his death there was an unpaid balance of approximately two thousand dollars on the note. Frank Zeto, Sr., at the time of his death also owed another debt of $500 to his son-in-law, Joseph Salvaggio. The property vested in the six children of Frank Zeto, Sr., of course charged with the debts of the estate, however the $500 owed to Joseph Salvaggio was the personal debt of Frank Zeto, Sr., to Salvaggio. Immediately after the death of Frank Zeto, Sr., his heirs held a family meeting for the purpose of determining in what manner the estate should be handled. At this meeting all of the six children were present and it was agreed, that in order to avoid the expense of an administration on the estate, Charles Zeto, the oldest son should take charge of the estate and manage same; that he should take charge of the property, pay the debts, collect the rents and out of the revenues pay the installments as they became due on the Effenberger note. Charles Zeto accordingly took charge of the property and managed same up to the time of the filing of this suit July 16, 1938. The suit was filed by Frances Zeto Salvaggio, joined by her husband, Joseph Salvaggio, against the other heirs, Charles, Nick, Mike, and Josephene Zeto Blanda and her husband, John Blanda, and Jennie Zeto Russia and her husband, Joe Russia. They prayed for an accounting by Charles Zeto as to his management of the estate, and that a deed of date May 25, 1937, conveying the interest of the heirs, other than Frank and Nick Zeto, in the property covered by the deed of trust, to Charles and Nick Zeto, be declared a mortgage.

The defendants answered fully, and the defendant Frank Zeto filed an accounting, and prayed for all such relief as he may have shown himself entitled.

The case was tried to the court without a jury and judgment rendered denying appellants any recovery against Frank Zeto and Nick Zeto, and finding and adjudging the deed in question was executed as a bona fide conveyance of the property and was not executed as a mortgage. The judgment on the accounting awarded Frank Zeto $249.17 as the amount found to be due him for moneys expended in preserving the property over and above the receipts from same. The judgment found that the remaining property (that not included in the deed to Frank Zeto) was of such nature that it could not be partitioned in kind among the heirs and ordered that it be sold and the proceeds distributed one-sixth to each of the heirs. The case is before us on appeal.

The court filed no findings of fact, and none was requested. There is a full statement of the facts adduced on the trial. We have examined same carefully and find that the judgment has ample support in the record. The judgment should be affirmed and it is so ordered.

Affirmed.